|   |   |
|---|---|
| RICARDO MARTINEZ, | Case No. 1:19-cv-01768-SAB (PC) |
| Plaintiff, | ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| C. PFEIFFER, et al., | (ECF No. 2) |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Ricardo Martinez is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 18, 2019, Plaintiff initiated the instant action in the United States District Court for the Northern District of California. (ECF No. 1.) On December 16, 2019, the instant action was transferred to this Court. (ECF No. 5.)

Currently before the Court is Plaintiff's motion for appointment of counsel, filed on September 18, 2019. (ECF No. 2.) Plaintiff contends that this Court should appoint counsel to represent him in this action because he cannot afford to hire counsel, he has a limited knowledge of law, he has a TABE score of 2.0, the issues involved in this case are complex, and the appointment of counsel would better enable to present evidence and cross-examine witnesses at trial. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

1

Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

The Court has considered Plaintiff's request for appointed counsel, but does not find the required exceptional circumstances. Initially, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Specifically, Plaintiff's apprehension with pursuing this case on his own, while understandable, is not sufficient grounds for appointing counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.").

Further, while Plaintiff alleges that the issues involved in this case are complex, the Court has reviewed Plaintiff's complaint and finds both that Plaintiff's claim do not appear to present novel or complex issues of substantive law and that Plaintiff is able to clearly articulate his claims. Finally, since the Court has not yet screened Plaintiff's complaint, the Court cannot evaluate Plaintiff's likelihood of success on the merits of his claims.

///

///

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 2), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**January 2, 2020**__            _____
                                          UNITED STATES MAGISTRATE JUDGE