# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, et.al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-01768-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING ACTION BE DISMISSED AS DUPLICATIVE<br><br>[ECF No. 1] |

Plaintiff Ricardo Martinez is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed September 18, 2019.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by individuals who are proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

## II.
## COMPLAINT ALLEGATIONS

Plaintiff's complaint is sparse and sets forth various vague and unrelated claims.

Plaintiff was assaulted by a correctional officer in 2011 and suffered injuries. Plaintiff suffers major intracerebral flow voids. Plaintiff suffers lesions to the head that caused hemorrhage to his left ear and irregular flashing headaches.

Warden C. Pfeiffer at Kern Valley State Prison (KVSP) knew of the violations and failed to fix the situation.

Plaintiff was denied recommendations for an evaluation at Stanford University, University of California San Francisco and United of California Los Angeles. Plaintiff was also denied follow-up with a neurosurgeon. Plaintiff was denied evaluation by a brain specialist, MRI scan of lumbar spine, pain medication, diabetes medication, rescue inhaler, evaluation of hearing impairment, operation to a growth of spermatic cord tumor, replacement of prescription eyeglasses, operation for hemorrhoids, incontinence supplies, single cell status, and nose evaluation.

On May 22, 2018, S. Furlong and D. Dozer retaliated by Plaintiff by conducting a "brutal search down." Plaintiff asked Furlong and Dozer to be "easy" on his spinal cord, but they replied they did not give a fuck about Plaintiff's medical conditions.

On June 4, 2018, D. Dozer retaliated against Plaintiff. On this same date, Plaintiff was called to go to the medical clinic. Dozer was at the front door approaching Plaintiff while Plaintiff was in his wheelchair. Dozer conducted a "roughshod" search which caused Plaintiff further pain.

On July 14, 2018, sergeant Stane broke the frame of Plaintiff's eyeglasses. On this same date, sergeant Stane hired a hit man to assault Plaintiff.

On July 14, 2018, Stane and S. Furlong retaliated against Plaintiff. On this date, at approximately 7:35 a.m., inmate Goldstein attacked Plaintiff causing multiple injuries.

On March 28, 2019, Dr. Zepp intentionally touched Plaintiff's left shoulder causing pain.

On July 21, 2019, C. Pfeiffer hired and/or ordered a person to assault Plaintiff in retaliation.

///

///

# III.

# DISCUSSION

"Plaintiff's generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 994 (2008)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. In order to determine whether cases are duplicative, the Court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689; see also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions."). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688.

The Court takes judicial notice of the fact that Plaintiff has filed two other actions in this Court. Martinez v. Lewis, et al., Case No. 1:19-cv-00812-SAB (PC) (filed on April 5, 2019 and dismissed on December 16, 2019 for failure to state a cognizable claim for relief), and Martinez v. Standon, et al., Case No. 1:19-cv-00845 DAD SAB (PC) (filed on March 7, 2019 and dismissed on December 11, 2019. The Court finds that the present action is duplicative of these prior cases and must be dismissed.

The allegations in the instant action are the same as the allegations in both prior cases. Plaintiff seeks relief for various vague and unrelated claims involving denial of medical care, retaliation, excessive force, deliberate indifference to personal safety, confiscation of property against the same individuals-C. Pfeiffer, J. Lewis, Dr. Zepp, Stane, Do. Dozer, and S. Furlong. Indeed, the Court noted the duplicative nature of the prior actions in case number 1:19-cv-00845 DAD SAB (PC), stating, in pertinent part, "[a]fter several amendments of the complaints in both cases, it is now clear that both cases involve some of the same allegations, and Plaintiff cannot proceed in this Court in two

separate actions alleging the same claims for relief." (ECF No. 22.) Accordingly, the instant action should be dismissed as duplicative.

**III.**

**CONCLUSION AND RECOMMENDATION**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that the instant action be dismissed as duplicative of <u>Martinez v. Lewis, et al.</u>, Case No. 1:19-cv-00812-SAB (PC) and <u>Martinez v. Standon, et al.</u>, Case No. 1:19-cv-00845 DAD SAB (PC).

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 8, 2020**

UNITED STATES MAGISTRATE JUDGE