UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, *et al.*,<br><br>　　　　Defendants. | No. 1:19-cv-01768-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION<br><br>(Doc. No. 25) |

　　　　Plaintiff Ricardo Martinez is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Before the court is plaintiff's April 20, 2020 request for reconsideration[1] of the undersigned's April 9, 2020 order adopting in full the assigned magistrate judge's January 9, 2020 findings and recommendations. (Doc. Nos. 13, 22, 25.) In its April 9, 2020 order, the court adopted the magistrate judge's recommendations and dismissed this action as duplicative. (Doc. No. 22.)

/////

---

[1] The court notes that plaintiff's filing was styled as "[o]bjections" to the magistrate judge's findings and recommendations but requested that the court to "reopen" this action. The court will therefore construe this pending motion as a request for reconsideration under Federal Rule of Civil Procedure 60(b).

1

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

In his request for reconsideration, plaintiff notes that the other cases that this action is duplicative of have now all been dismissed and argues that the court should therefore re-open this case to allow him to pursue the vindication of his rights.  (Doc. No. 25 at 1.)  In its April 9, 2020 order dismissing this action, the court noted that this case is duplicative of *Martinez v. Standon*, No. 1:19-cv-00845-DAD-SAB (PC) (E.D. Cal. Dec. 11, 2019) (dismissed for failure to state a claim) and *Martinez v. Lewis*, No. 1:19-cv-00812-DAD-SAB (PC) (E.D. Cal. Dec. 16, 2019) (same).  Plaintiff, however, has provided the court with no explanation as to how re-opening this case would lead to a different outcome than in *Standon* or *Lewis*, two duplicative cases that were

dismissed for failures to state a cognizable claim or why, as a matter of law, he should be permitted to pursue repetitive duplicative action in the hope of obtaining some different ruling. Moreover, plaintiff fails to present any of the enumerated grounds for reconsideration provided for by Rule 60(b).

    Accordingly, plaintiff's request for reconsideration (Doc. No. 25) is denied. No further orders will issue in this closed case.

IT IS SO ORDERED.

Dated: **April 28, 2020**

    */s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE